UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**FEB 1 2 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Holding a Criminal Term

Grand Jury Sworn in on November 15, 2007

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO.  08 - 0 2 4 |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| CURTIS TYRONE YOUNG, | : | |
| also known as Kirk, | : | |
| also known as Curt, and | : | VIOLATIONS: |
| MONIQUE RENEE BRANHAM, | : | |
| also known as Mo, | : | 21 U.S.C. §841(a)(1) and §841(b)(1)(A)(iii) |
| | : | (Unlawful Distribution of 50 Grams or More |
| Defendants. | : | of Cocaine Base); |
| | : | 21 U.S.C.  §841(a)(1) and 841(b)(1)(C) |
| | : | (Unlawful Distribution of Heroin); and |
| | : | 18 U.S.C. §2 |
| | : | (Aiding and Abetting) |

## ORDER

Based on the representations in the government's motion to seal the indictment, bench

warrants, and other pleadings, records, proceedings and files and to delay entry on the public docket

of the filing of this motion to seal, this Court makes the following:

## FINDINGS OF FACT

The government has covertly investigated the defendants in a criminal investigation

involving undercover agents and cooperating individuals. Law enforcement believes the defendants

are unaware of this investigation. The general public is also not aware of this investigation.

The defendants' discovery of this investigation and indictment would pose a substantial risk

to the personal safety of the undercover agents and other law enforcement officials.

The public docketing at this time of the indictment and other pleadings, records, proceedings to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion will likely substantially jeopardize the ongoing criminal investigation and apprehension of the defendants, and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, <u>Washington Post v. Robinson</u>, 935 F.2d 282, 289 n. 10 (D.C. Cir. 1991), this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the indictment, bench warrants, pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _12_ day of _February_, 2008,

**ORDERED** that this Order, and the attached government motion to seal the Indictment, bench warrants, and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further **ORDERED** that the indictment, bench warrants, all proceedings and all pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further **ORDERED** that the Criminal Clerk's office shall not make any entry on the public docket in this case of the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further **ORDERED** that notwithstanding the other provisions of this ORDER, the

government shall be permitted to request a transcript of any plea proceedings that may occur in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, and there may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case.

_____
United States Magistrate Judge for the District of Columbia